**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jana James,<br><br>  Plaintiff,<br><br>v.<br><br>AT Still University,<br><br>  Defendant. | No. CV-23-00231-PHX-DLR<br><br>**ORDER** |

Plaintiff Jana James moves to seal "all case documents, and maintain this case and all case documents under seal indefinitely." (Doc. 67.) The public has a right to access judicial records. *San Jose Mercury News, Inc. v. U.S. Dist. Court—N. Dist. (San Jose)*, 187 F.3d 1096, 1101 (9th Cir. 1999). When a party asks the Court to seal documents, the Court begins "with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). If the document at issue is related to the merits of the case, the party asking the Court to seal it must provide a compelling reason for doing so. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). If the document is unrelated to the merits of the case, the party must provide at least a good reason for sealing it. *Id.* at 1097-99. Additionally, sealing entire documents is disfavored when sensitive information can be adequately protected through redactions.

Plaintiff's motion does not satisfy these standards. Plaintiff asks the Court to seal the entire case forever, without identifying specific documents in the record that she

believes contain sensitive information that should be sealed from public view. Plaintiff also has not explained whether those documents are related or unrelated to the merits of the case, or why her privacy concerns cannot be addressed by redacting parts of the documents, as opposed to sealing the entirety of them. For these reasons, Plaintiff's motion to seal is denied, but Plaintiff may renew her request by (1) identifying specific documents on the docket that she believes should be sealed, (2) explaining whether these documents are related to the merits of her case, (3) providing either a good reason or a compelling reason for sealing the documents (depending on whether they relate to the merits of her case), and (4) explaining whether her privacy concerns can be addressed by redacting parts of the documents, rather than sealing them entirely. If Plaintiff's concerns can be addressed through redactions, Plaintiff must provide versions of the relevant documents with the sensitive information redacted.

**IT IS ORDERED** that Plaintiff's motion to seal (Doc. 67) is **DENIED**.

Dated this 13th day of December, 2024.

Douglas L. Rayes
Senior United States District Judge