**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jana James,<br><br>  Plaintiff,<br><br>v.<br><br>AT Still University,<br><br>  Defendant. | No. CV-23-00231-PHX-DLR<br><br>**ORDER** |

At issue is Defendant's motion for sanctions. (Doc. 69.) Defendant asks the Court to dismiss this case as a sanction for Plaintiff, who is self-represented, twice failing to appear for her noticed deposition.

Defendant first noticed Plaintiff's deposition for October 30, 2024. On October 28, 2024, Plaintiff contacted Defense counsel and indicated that she would need to postpone the deposition due to a death in her family. The parties agreed to reset Plaintiff's deposition for November 6, 2024. (Doc. 69 at 2.)

Defense counsel emailed Plaintiff on November 5, 2024, regarding the start time for her deposition, and Plaintiff responded confirming. (Doc. 69-1 at 4-5.) Nonetheless, on the morning of November 6, Plaintiff emailed Defense counsel stating that she would not be attending her deposition because she planned to file another motion seeking appointment of counsel and "would like to wait until after the judge makes a decision before" being deposed. (*Id.* at 3.) Defense counsel responded that he intended to move forward with Plaintiff's deposition that morning, to which she responded "[u]nfortunately I am unable

to meet this morning, and will need to reschedule." (*Id.* at 2.)

Defendant did not seek sanctions at that time. Instead, Defense counsel once again rescheduled Plaintiff's deposition, this time for January 15, 2025. Defense counsel sent Plaintiff the digital link to the deposition on January 14, 2025. Plaintiff responded that she "will not be able to make it to the deposition" because she had "an important obligation that is scheduled for tomorrow," and asking Defense counsel if he could yet again reschedule. (Doc. 69-2 at 3.) Defense counsel responded by reminding Plaintiff that she had notice of this deposition since December 5, 2024, that this was the third time her deposition had been rescheduled, and that he planned to proceed with Plaintiff's deposition as scheduled. (*Id.* at 2.) Plaintiff replied that she would not attend but would be willing to reschedule. (*Id.*) The following day, Plaintiff did not appear at her deposition (Doc. 69-3), prompting Defendant to file this motion.

The Court may order sanctions if a party "fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). "A district court has the discretion to impose the extreme sanction of dismissal if there has been flagrant, bad faith disregard of discovery duties." *Porter v. Martinez*, 941 F.2d 732, 733 (9th Cir. 1991) (quotation and citation omitted). Before imposing such a severe sanction, however, the Court must weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id.* (quotation and citation omitted). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).

The Court agrees with Defendant that there are no lesser sanctions available. Plaintiff is proceeding with this case *in forma pauperis* and likely lacks the resources to pay Defendant's reasonable expenses and attorney fees associated with the deposition she skipped. Therefore, monetary sanctions are likely to be ineffective. Nonetheless, the Court

declines to impose sanctions for two reasons.

First, the Court is not persuaded that Plaintiff's failure to appear at her deposition reflects "flagrant, bad faith disregard of [her] discovery duties." *Porter*, 941 F.2d at 733. Instead, Plaintiff explains in her response brief that she could not attend her January 15, 2025 deposition because she was "required to attend a mandatory meeting with [her] graduation committee." (Doc. 70 at 1.) Plaintiff represents that this meeting "was originally scheduled on 1/10/2025," but with "no advanced warning" was reset for the day of her deposition and she "had no control over this change in schedule." (*Id.*) Defendant did not file a reply and, consequently, has not contested the veracity of Plaintiff's explanation. What's more, both in her response brief and in her email correspondence with Defense counsel, Plaintiff has indicated her willingness to work with Defense counsel to reschedule her deposition date.

Second, the prejudice to Defendant caused by Plaintiff's failure to appear at her deposition is mitigated by the fact that the Court has since granted an extension of the case management deadlines to enlarge the time to complete depositions. The deadline to complete depositions is now March 21, 2025, affording the parties adequate time to reschedule Plaintiff's deposition.

Although the Court declines to impose sanctions at this time, the Court warns Plaintiff that she has a duty to comply with discovery obligations, including working cooperatively with Defendant to schedule her deposition, communicating timely with Defense counsel about any changes to her availability, and ultimately showing up for her deposition. If Plaintiff fails to appear yet again for a properly noticed deposition, Defendant may renew its motion for a sanction of dismissal.

**IT IS ORDERED** that Defendant's motion or sanctions (Doc. 69) is **DENIED**.

Dated this 12th day of February, 2025.

Douglas L. Rayes
Senior United States District Judge

- 3 -