IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jana James,<br><br>            Plaintiff,<br><br>v.<br><br>AT Still University,<br><br>           Defendant. | No. CV-23-00231-PHX-DLR<br><br>**ORDER** |

Before the Court is Plaintiff's Motion for Reconsideration. (Doc. 99.) So long as the Court retains jurisdiction, it may in its discretion reconsider its rulings. *United States v. Smith*, 389 F.3d 944, 948 (9th Cir. 2004). Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner,* 909 F. Supp. 1342, 1351 (D. Ariz. 1995). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through — rightly or wrongly.'" *Defenders of Wildlife,* 909 F. Supp. at 1351 (quoting *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D.Va. 1983)).

The order in question was issued in open court during a telephonic conference on March 25, 2025. It involved Plaintiff's failure to appear for her deposition on two separate occasions after having agreed to appear on those dates.

*November 6 Deposition*. The parties agreed to the date of the deposition. Defense counsel emailed Plaintiff the day before, and she confirmed. But on the morning of the deposition, she filed a motion for appointment of counsel and told Defense counsel she would not be attending the deposition and would need to reschedule. Plaintiff waited until the day of the deposition to notify defense counsel that she was not going to attend. The reason she gave for not attending was not good cause for her non-attendance and, more importantly, her late notice of her intent not to attend precluded Defense counsel from notifying the court reporter not to show up. The motion to reconsider assessing court reporter fees for non-attendance at the November 6 deposition is denied.

*January 15 Deposition*. The parties agreed to the date. But the day before the deposition, Plaintiff emailed Defense counsel that she wouldn't be able to attend because of an important school obligation that came up last minute, and asking again to reschedule. Defense counsel refused to reschedule, even though he had been advised that Plaintiff would not appear. Plaintiff's notice to counsel gave him time to cancel the court reporter, regardless of the good cause for her failure to appear. Rather than advising the court reporter not to appear, counsel allowed her to appear, and she charged an appearance fee. The Court finds that the order awarding court reporter fees against Plaintiff for her failure to appear for the January 15 deposition is unjust and grants the motion to reconsider the award of those fees.

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 99) is **GRANTED IN PART.** Plaintiff is responsible to reimburse Defense counsel the cost of the court reporter's "show-up" fee for the deposition scheduled for November 6, 2024, but not for the deposition scheduled for January 15, 2025.

1  **IT IS FURTHER ORDERED** that Counsel for Plaintiff is directed to provide Plaintiff with a copy of this order and notice the Court accordingly.

Dated this 3rd day of June, 2025.

_____
Douglas L. Rayes
Senior United States District Judge