**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jana James,<br><br>    Plaintiff,<br><br>v.<br><br>AT Still University,<br><br>    Defendant. | No. CV-23-00231-PHX-DLR<br><br>**ORDER** |

Plaintiff Jana James accuses Defendant AT Still University of violating the Americans with Disabilities Act ("ADA") by refusing to accommodate her disability during her time as a student. (Doc. 9.) Before the Court are Defendant's renewed motion for sanctions (Doc. 107) and motion for summary judgment (Doc. 117), and Plaintiff's two motions for leave to file a sur-reply (Docs. 131, 141) and motion to seal document (Doc. 136). The motions are fully briefed.[1] (Docs. 122, 126, 137, 138, 142.) For the following reasons, the Court grants Defendant's motion for summary judgment, denies its renewed motion for sanctions, denies Plaintiff's motions to file a sur-reply, and grants in part her motion to seal.

….

….

---

[1] Oral argument is denied because the motions are adequately briefed, and oral argument will not help the Court resolve the issues presented. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f).

## I. Background

On February 3, 2023, Plaintiff filed suit against Defendant. (Doc. 1.) Her amended complaint alleges Defendant discriminated against her based on her race and failed to accommodate her alleged disabilities in violation of the ADA, 42 U.S.C. § 12101. (Doc. 9.) Plaintiff moved to seal all case documents indefinitely (Doc. 67), which the Court denied (Doc. 68). After Plaintiff failed to appear for her deposition, Defendant moved for sanctions asking the Court to strike the pleadings, dismiss the case, or render a default judgment (Doc. 69), which the Court denied with leave to renew if Plaintiff failed to appear again (Doc. 75 at 3). Plaintiff moved a second time to seal, this time regarding her personal address (Doc. 105), which the Court denied (Doc. 106). Defendant now renews its motion for sanctions and moves for summary judgment while Plaintiff moves to file a sur-reply to both motions and moves a third time to seal.

## II. Motions to File a Sur-reply

Plaintiff requests leave to file a sur-reply in response to both Defendant's renewed motion for sanctions and motion for summary judgment. (Docs. 131, 141). The Local Rules do not provide for sur-replies, and because sur-replies are highly disfavored, courts generally do not allow them absent extraordinary circumstances, such as to respond to new evidence or arguments raised for the first time in a reply brief. *See Sims v. Paramount Gold and Silver Corp.*, No. CV 10-356-PHX-MHM, 2010 WL 5364783, at *8 (D. Ariz. Dec. 21, 2010). Plaintiff's motions are denied because she has not shown extraordinary circumstances justifying a sur-reply. The arguments contained in Defendant's relevant reply briefs are not impermissible new arguments but rather permissible rebuttable to points raised by Plaintiff in her response brief.

## III. Motion for Summary Judgment

### A. Legal Standard

Summary judgment is appropriate when there is no genuine dispute as to any material fact and, viewing those facts in a light most favorable to the non-moving party, the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is

material if it might affect the outcome of the case, and a dispute is genuine if a reasonable jury could find for the non-moving party based on the competing evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment may also be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record], if any, which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323 (quotation omitted). The burden then shifts to the non-movant to establish the existence of a genuine and material factual dispute. *Id.* at 324. The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts" it must "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (internal quotation and citation omitted). "If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies. Inc.*, 210 F.3d. 1099, 1103 (9th Cir. 2000).

In considering a motion for summary judgment, the court must regard as true the non-moving party's evidence, as long as it is supported by affidavits or other evidentiary material. *Anderson*, 477 U.S. at 255. However, the non-moving party may not merely rest on its pleadings; it must produce some significant probative evidence tending to contradict the moving party's allegations, thereby creating a material question of fact. *Id.* at 256–57 (holding that the plaintiff must present affirmative evidence to defeat a properly supported motion for summary judgment); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." (citation omitted)).

  **B.**  **Analysis**

    **1.**  **ADA Claim**

To establish a prima facie case under the ADA, Plaintiff must show that (1) she is disabled, (2) she is "otherwise qualified" to remain a student, which means "she can meet the essential eligibility requirements of the school, with or without reasonable accommodation," (3) "she was dismissed solely because of her disability," and (4) the Defendant receives federal financial assistance or is a public entity. *Zukle v. Regents of Univ. of Cal.*, 166 F.3d 1041, 1045 (9th Cir. 1999). Defendant assumes for purposes of this motion that Plaintiff is disabled (Doc. 117 at 6) and there is no dispute that Defendant receives federal funding. Plaintiff bears the burden regarding whether she "is able to meet the educational institution's essential eligibility requirements with or without the aid of reasonable accommodations." *Id.* at 1046. Plaintiff bears the initial burden of showing she is "otherwise qualified." *Id.* at 1047. "This burden includes the burden of producing evidence of the existence of a reasonable accommodation that would enable her to meet the educational institution's essential eligibility requirements." *Id.* The burden then shifts to Defendant to either: (1) "produce evidence that the requested accommodation would require a fundamental or substantial modification of its program or standards," or (2) "produc[e] evidence that the requested accommodations, regardless of whether they are reasonable, would not enable the student to meet its academic standards." *Id.* Courts give deference to an educational institution's determination of whether a student is "otherwise qualified." *Id.* at 1047–48.

In support of her ADA claim, Plaintiff relies on one exhibit. (Doc. 137-3.) The exhibit contains Plaintiff's academic adjustment request form with supporting documentation, Defendant's approval of Plaintiff's adjustment request, and an email exchange between Plaintiff and a Disability Resources Advisor employed by Defendant. (*Id.*) This evidence does not meet Plaintiff's burden to show that she is otherwise qualified. However, even if it did, Defendants have met their burden to show that Plaintiff could not meet Defendant's academic standards even with the requested accommodation. Plaintiff

limits her ADA claim to specific exams taken prior to August 2021. (Doc. 117-8.) Defendant provides undisputed evidence that Plaintiff failed one such exam even with the requested accommodation. (Doc. 117-13 at 5.) Additionally, Defendant provides evidence that after Plaintiff appealed Defendant's vote to dismiss Plaintiff, Plaintiff was permitted to remain a student contingent upon thirteen conditions. (Docs. 117-11 at 2, 117-12 at 2–4.) Plaintiff's failure of that exam even with accommodation was a breach of one of those conditions. Because Plaintiff has proffered no evidence to the Court that she was otherwise qualified and Defendant's evidence demonstrates Plaintiff could not meet the essential eligibility requirements of the school even with reasonable accommodation, Plaintiff has not shown there is a material question of fact for trial. Defendant is therefore entitled to summary judgment on Plaintiff's ADA claim.

### 2.    Title VI Claim

To establish her racial discrimination claim, Plaintiff must show she was "subjected to discrimination" due to "race, color, or national origin," by a "program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. "Private parties seeking judicial enforcement of Title VI's nondiscrimination protections must prove intentional discrimination." *Yu v. Idaho State University*, 15 F.4th 1236, 1242 (9th Cir. 2021).

In her Response, Plaintiff alleges "peers—non-Black male students—were allowed to leave 24-hour on-call shifts early and were not penalized for absences, while I was required to complete three consecutive 24-hour shifts in a single week and later penalized for absences under that same rotation." (Doc. 137 at 2.) In support, Plaintiff only proffers images of a calendar from January and February 2021 with handwritten hours presumably showing her referenced shift schedule. Plaintiff's supporting evidence does not create a genuine issue of material fact as to whether Defendant intentionally discriminated against her.[2] *See* Fed. R. Civ. P. 56(c)(1)(A) ("A party asserting that a fact . . . is genuinely disputed

---

[2] A pro se litigant's assertions in motions and pleadings may be considered as evidence to meet the party's burden at summary judgment to the extent that: (1) the contents of the document are based on personal knowledge, (2) they set forth facts that would be admissible into evidence, and (3) the litigant attested under penalty of perjury that the facts were true and correct. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004). The Court did not consider Plaintiff's amended complaint or Response as evidence here

must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."). Because Plaintiff has produced no evidence of intentional discrimination, and Defendant's evidence reveals Plaintiff was dismissed because of her academic performance, Defendant is entitled to judgment on this claim.

**IV.   Motion for Sanctions**

Defendant renews its previous motion for sanctions and requests the Court either strike the pleadings, dismiss the case, or render a default judgment against Plaintiff. (Doc. 107.) Defendant's motion is denied as moot considering the Court's grant of summary judgment for Defendant.

**V.   Motion to Seal**

Plaintiff requests the Court seal certain documents submitted in support of her response to the Defendant's motion for summary judgment. (Doc. 136.) Plaintiff requests the Court seal Exhibit I (Doc. 137-9) in its entirety because it "contains attorney-client communications, internal litigation strategy, and sensitive information regarding Plaintiff's prior legal representation." (*Id.*) Plaintiff also requests the Court seal pages 23–25 of Exhibit A (Doc. 137-1) because they "contain private student messages and third-party identifying information concerning a potential witness." (*Id.*)

The public has a right to access judicial records. *San Jose Mercury News, Inc. v. U.S. Dist. Court—N. Dist. (San Jose)*, 187 F.3d 1096, 1100, 1101 (9th Cir. 1999). The Court therefore begins "with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to overcome this presumption and file a judicial record under seal that relates to the merits of the case must provide a compelling reason for doing so. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). Examples of compelling

---

because Plaintiff did not attest under penalty of perjury that the facts were true and correct for either.

1 reasons "include when a court record might be used to gratify private spite or promote
2 public scandal, to circulate libelous statements, or as sources of business information that
3 might harm a litigant's competitive standing." *Id.* (internal quotations and citation omitted).
4 A movant's reason for seeking to seal a judicial record must be supported by an articulable
5 factual basis, rather than "hypothesis or conjecture." *Id.* at 1096–97 (internal quotations
6 and citation omitted). If the document is unrelated to the merits of the case, the party must
7 provide at least a good reason for sealing it. *Id.* at 1097–99.

Plaintiff has not explained whether those documents are related or unrelated to the merits of the case. From the Court's analysis, Exhibit I does not relate to the merits of her case but rather to behind-the-scenes communications with Plaintiff's then attorney and thus Plaintiff only needs to provide a good reason for sealing it. The Court will seal Exhibit I in its entirety because the documents contain information that appears to be protected by the attorney-client privilege. *See TriQuint Semiconductor, Inc. v. Avago Technologies Ltd.*, No. CV 09-1531-PHX-JAT, 2011 WL 6182346, at * 5 (D. Ariz. Dec. 13, 2011) (accepting attorney-client privilege as a compelling reason justifying seal).

On the other hand, it appears that pages 23–25 of Exhibit A relate to the merits of Plaintiff's racial discrimination claim and thus Plaintiff must provide a compelling reason for sealing it. Plaintiff has not done so. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" are insufficient. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation and citation omitted). Thus, it is not enough for Plaintiff to describe the documents and note they contain private messages or third-party identifying information; she must articulate a factual basis for believing public disclosure would impose harms that outweigh the public's presumptive access to judicial records. She has not done so.

**IT IS ORDERED** that Defendants' motion for summary judgment (Doc. 117) is **GRANTED**, its renewed motion for sanctions (Doc. 107) is **DENIED** as moot, Plaintiffs' motions for leave to file a sur-reply (Docs. 131, 141) are **DENIED**, and her motion to seal

(Doc. 136) is **GRANTED in part**. The Clerk of the Court is directed to keep Doc. 137-9 sealed, to unseal Doc. 137-1, and to enter judgment accordingly and terminate the case.

Dated this 25th day of February, 2026.

Douglas L. Rayes
Senior United States District Judge